IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Philip Scott Steele, | ) | Case No. 8:23-cv-05651-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mason Ayer and Brian Lenard, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On March 19, 2025, Defendants filed a motion for summary judgment and attached a video of the incident. ECF Nos. 89, 93. On August 14, 2025, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 108. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report, Defendants filed a reply, and Plaintiff filed a sur-reply.[1] ECF Nos. 110, 112, 114.

---

[1] Plaintiff's sur-reply is procedurally improper as he did not request the Court's permission to file it; however, out of an abundance of caution for a pro se party, the Court has considered the document.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Briefly, Plaintiff alleges that Defendant Ayer violated his civil rights by exposing him to public view during a pat down search and that Defendant Lenard conspired to cover up the incident. The Magistrate Judge recommends that this Court grant summary judgment as to Plaintiff's constitutional claims, find that Defendants are entitled to qualified immunity, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. ECF No. 108. Because Plaintiff filed objections, the Court's review has been de novo.

2

In his objections,[2] Plaintiff makes repeated allegations that Defendants are lying and have engaged in a coverup, including with respect to the identity of one of the Defendants. *See generally*, ECF Nos. 110, 114. These statements do not directly address the Report. Moreover, Plaintiff's general argument that Defendants have produced perjured and deceptive evidence, without more, does not alleviate his burden of demonstrating the existence of a genuine issue of material facts. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion).[3] Accordingly, the Court will turn to the substance of the Report and Plaintiff's remaining objections.

### *Constitutional Claim Against Defendant Ayer*

Plaintiff alleges Defendant Ayer's search was unconstitutional. As explained in more detail by the Magistrate Judge, the reasonableness of a search is determined by "examin[ing] the search in its complete context and consider[ing] the following factors: (1) the scope of the particular intrusion; (2) the manner in which the search was conducted;

---

[2] Indeed, Plaintiff has made these allegations throughout his filings in this action.

[3] The Court notes that Plaintiff declares that the statements in his objections and his sur-reply have been made under penalty of perjury and the Court has so considered them. *See* 28 U.S.C. § 1746 (providing that a declaration under penalty of perjury can satisfy a requirement for a sworn declaration). However, the Court further notes that several of his assertions, particularly with respect to the alleged alteration of documents and claims of perjury by Defendants and counsel do not reflect Plaintiff's knowledge of the facts in this case and the only conclusions drawn are his own theories that documents have been falsified.

(3) the justification for initiating the search; and (4) the place in which the search was performed." *Sims v. Labowitz*, 885 F.3d 254, 261 (4th Cir. 2018) (citing *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). *See also Johnson v. Robinette*, 105 F.4th 99113–14 (4th Cir. 2024).

With respect to the scope and manner of the search, the Court agrees with the Magistrate Judge that it was reasonable. The exposure of Plaintiff's body was limited in time and activity. There is evidence that the exposure occurred due to a pat down that became more invasive once Plaintiff's pants and underwear fell to the floor. However, as noted by the Magistrate Judge and confirmed by the video, Plaintiff was exposed for less than three seconds and there were no accompanying inappropriate acts, such as touching or laughing. Therefore, the Court agrees that, given the brief time of the exposure and in the context of a pat down, there is no genuine issue of material fact with respect to whether scope and manner of the search was reasonable.

Turning to the place of the search, the Court further agrees with the Magistrate Judge that the search was conducted in a moderately private setting. Another guard and another inmate are visible in the video, although it appears that the other inmate was walking away from Plaintiff when the event occurred and did not see him. Even assuming that both the guard and the inmate were able to view Plaintiff, the search remains moderately private. Plaintiff maintains that there were other people who saw him but the camera angel disguises this fact. As noted by the Magistrate Judge, Plaintiff has not presented any corroborating evidence of this assertion and, even assuming this is true,

4

does not alter the outcome. Accordingly, the Court finds that the setting of the search was moderately private.

As to the initial justification of the search, there is no dispute that there was a shake down of the dorm taking place for security reasons. As noted by the Magistrate Judge, such events have been recognized as within the security interests of a detention center.

In his sur-reply, Plaintiff maintains that Defendant Ayer pulled his pants down on purpose to shame and humiliate him. ECF No. 114. A review of the video does not support his conclusion regarding the intentionality of Defendant Ayer's actions and Plaintiff has pointed to no evidence in the record with respect to Defendant Ayer's purposes or intentions beyond his own conclusory allegations. Therefore, upon review of all of the relevant factors the evidence in the record, the Court finds that the pat down was reasonable, and summary judgment is appropriate with respect to Plaintiff's Fourth Amendment claim against Defendant Ayer.

***Constitutional Claim Against Defendant Leonard***

Plaintiff alleges that Defendant Lenard conspired to cover up the unconstitutional acts of Defendant Ayer by conducting an insufficient investigation. Plaintiff further contends his Due Process rights were violated by Defendant Lenard's failure to procure him counsel when he was being asked to write a statement. Upon review, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983. Further, Plaintiff has failed to establish supervisory liability. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (holding that a plaintiff alleging supervisory liability must show: (1) the defendant had actual or constructive knowledge

5

that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the defendant's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the defendant's inaction and the plaintiff's constitutional injury). Accordingly, summary judgment is granted as to any constitutional claim against Defendant Leonard.

### *Qualified Immunity*

The Magistrate Judge recommends granting Defendants' motion and finding that they are entitled to qualified immunity in their individual capacities because Plaintiff has failed to show that a constitutional violation occurred. Plaintiff has not specifically objected to this portion of the Report; however, out of an abundance of caution for a pro se party and in light of the fact that Plaintiff filed objections to the Report, the Court has reviewed this portion of the Report de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge and finds that Defendants are entitled to qualified immunity.

### *State Law Claims*

In light of the recommendation that summary judgment be granted as to Plaintiff's federal causes of action, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff has not specifically objected to this portion of the Report. Nevertheless, out of an abundance of caution for a pro se party and in light of the fact that Plaintiff filed objections to the Report,

the Court has reviewed this portion of the Report de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

## **CONCLUSION**

For the foregoing reasons, the motion for summary judgment [89] is **GRANTED**. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISSES** those claims without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

November 4, 2025
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.